UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 26CR10233 |
| v. | ) | |
| MATIN NIKTAJ, | ) | |
| Defendant | ) | |

# DEFERRED PROSECUTION AGREEMENT

1. This Deferred Prosecution Agreement (the "Agreement") is made between the United States Attorney for the District Massachusetts ("USAO") and Defendant Matin Niktaj ("Defendant").

## Acceptance of Responsibility

2. Defendant acknowledges that the USAO has independently developed evidence during its investigation sufficient to establish beyond a reasonable doubt the facts described in the Information, and Defendant accepts responsibility for this conduct. Defendant stipulates to the accuracy of the Information. Defendant agrees that he will not contest either the admissibility into evidence or the accuracy of the Information in any subsequent criminal proceedings that may occur in the event of a breach of this Agreement. Defendant further agrees that he will not himself or through any agents, including present or future attorneys, make any public statements contradicting any of the facts as set forth in the Information. Any such contradictory statement shall constitute a material breach of this Agreement.

## Deferral of Prosecution

3. Absent a material breach by Defendant of his obligations under this Agreement, the USAO will file a dismissal of the charges in the Information twelve months after this

Agreement is approved by the Court, and the USAO will bring no additional charges against Defendant relating to the conduct described in the Information.

4. This Agreement does not protect Defendant from prosecution for any crimes except those arising from the conduct described in the Information, and does not apply to any individual or entity other than Defendant.

5. The USAO and Defendant (the "Parties") understand that this Agreement is subject to the Court's approval in accordance with 18 U.S.C. § 3161(h)(2); specifically, the parties must obtain the Court's approval, under the Speedy Trial Act, of the delay of Defendant's trial on the Information in order to allow Defendant sufficient time to demonstrate his good conduct. Should the court for any reason decline to approve the deferral of prosecution, the Parties shall be released from any and all obligations under this Agreement, and this Agreement shall be null and void.

Defendant's Responsibilities

6. Defendant agrees to perform 100 hours of community service. In order for the community service to fulfill the terms of this Agreement:

a. Defendant must reach an agreement with the USAO on the specific community service(s) which he intends to perform; and

b. Defendant must provide to the USAO a signed letter or letters addressed to the USAO from an individual at the relevant community service organization(s) responsible for overseeing Defendant's community service. Said letter(s) shall detail the Defendant's community service and the total amount of hours that Defendant performed.

Breach of the Agreement

7. Should the USAO, in its sole discretion, which is not and shall not be subject to appeal or review, determine that Defendant has (a) knowingly given false, incomplete, or misleading information to any law enforcement officials; (b) engaged in any acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice in this matter; (c) otherwise knowingly and materially breached any provision of this Agreement; or (d) committed any crimes with the exception of minor traffic violations before completing all obligations under this Agreement, the USAO may terminate this Agreement by written notice to Defendant.

8. After such notice, the USAO may, in its sole discretion, then prosecute Defendant for the offenses charged in the Information and any other offenses arising from the facts included in the Information. Moreover, with respect to any prosecution of the charges in the Information or of offenses based on conduct in the Information that are not time-barred by the applicable Statute of Limitations (or any other legal, equitable, or constitutional basis upon which a prosecution may be time-barred) as of the date of this Agreement, Defendant agrees to waive venue and any legal or procedural defects in any pertinent charging document related to such offenses or conduct.

9. Defendant agrees that if the USAO determines that Defendant has committed a material breach, Defendant will neither contradict the contents, nor challenge the factual or legal sufficiency, of the Information.

10. Defendant agrees that the consequences for a breach set forth in this Agreement are remedies to which the USAO is entitled in the event of a breach and shall survive the termination of this Agreement in the event of a breach. Defendant further agrees that the

USAO's remedies for a breach are not limited to those set forth in this Agreement. Defendant further agrees that in the event of a breach, Defendant shall nevertheless be bound by his waivers of any legal, equitable, or constitutional rights set forth in this Agreement, and those provisions shall survive even in the event of a breach.

Agreement Binding Only on Defendant and USAO

11. The parties understand and acknowledge that this Agreement is binding on Defendant and the USAO, but specifically does not bind any other components of the U.S. Department of Justice, federal agencies, or any state or local law enforcement or authorities. Further, the waivers and other agreements made by Defendant herein shall not be binding upon Defendant in any civil or criminal proceeding initiated by any state or local government.

Miscellaneous

12. Nothing in this Agreement restricts in any way the ability of the USAO to proceed against any individual or entity not a party to this Agreement.

13. Defendant and the USAO agree that this Agreement and the Information shall be made available to the public.

14. The Agreement may be executed in counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same Agreement. Signatures of the Parties transmitted by facsimile or e-mail shall be deemed to be their original signatures for all purposes.

Complete Agreement

15. This Agreement, including the Information, constitutes the entire agreement between the Parties, and supersedes all prior agreements or understandings, both oral and written, with respect to the subject matter hereof and the disposition of this case. No promises,

representations, or agreements have been made other than those set forth in this Agreement. This agreement can be modified or supplemented only in a written memorandum signed by the Parties or by express agreement of the Parties on the record in court.

SO AGREED.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: ______________________
Jared C. Dolan
Chief, National Security Unit

______________________
Timothy H. Kistner
Assistant United States Attorney

Date: August 26, 2026

## ACKNOWLEDGMENT OF DEFERRED PROSECUTION AGREEMENT

I have read the Deferred Prosecution Agreement (the "Agreement"), and the Information, in their Entirety. I hereby acknowledge that the Agreement fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations concerning the disposition of this case have been made to me by any official of the United States. I acknowledge that the terms and provisions of this Agreement have been fully explained to me by my lawyer, including, without limitation, the legal, equitable, and constitutional rights I am waiving under this Agreement. I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. I have had a full and complete opportunity to consult with my lawyer about this Agreement. We have discussed the potential charges against me, possible defenses I might have, and the terms and provisions of this Agreement. I fully understand the terms and provisions of this Agreement, and my agreements and waivers herein are knowing and voluntary. I am entering into this Agreement freely, voluntarily, and knowingly.

MATIN NIKTAJ
Defendant

Date: 08-25-2026

I certify that Matin Niktaj has read this Deferred Prosecution Agreement (the "Agreement") and that we have discussed what it means. I believe Matin Niktaj understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

X August 26, 2026

Martha Coakley
Martha Coakley
Attorney for Defendant Matin Niktaj